## Case No. 10,895.

PECK et al. v. SCHULTZE et al.

[1 Holmes, 28.] 1

Circuit Court, D. Massachusetts. Nov., 1870.

PARTNERSHIP — INJUNCTION AGAINST ATTACHMENT OF PARTNERSHIP PROPERTY IN SUIT AGAINST A PARTNER.

A court of equity will not, on bill of the members of a partnership, decree the return of partnership property attached in a suit of a creditor of one of the partners against him, and enjoin the attaching officer from further interfering with the property, unless it appears that it is needed to satisfy the claims of the partnership creditors, or that the partner sued has not an interest in the surplus which may remain after payment of the partnership debts.

Bill in equity by [Albert M. Peck and another], two partners, to compel the return of certain liquors, alleged to be the property of the partnership, attached and seized by [Emil Schultze] the marshal, one of the defendants, in an action at law brought by the other defendants against one of the partners to recover the amount of a claim against him; and to enjoin the marshal from further interference with the property. The defendants demurred to the bill, and the cause was heard on the demurrer.

R. M. Morse, Jr., and E. P. Brown, for complainants.

Oliver Stevens, for defendants.

SHEPLEY, Circuit Judge. The bill of complaint alleges that the complainants are copartners under the name and style of A. M. Peck & Co.; that they are the owners of a large quantity of domestic liquors; that the defendant, George L. Andrews, the marshal of the United States for the district of Massachusetts, has attached the liquors upon a writ in favor of Emil Schultze and Robert Sailer against Albert M. Peck, claiming that the liquors were the property of said Peck; that he unjustly detains the liquors, and threatens to remove them from complainants' store. Complainants pray for a decree that Andrews may return the liquors, and for an injunction to restrain him from further interfering with said property.

By the rules of law as formerly held in England, the sheriff, under an execution against

one of two copartners, took the partnership effects, and sold the moiety of the debtor, treating the property as if owned by tenants in common. Heydon v. Heydon, 1 Salk. 392; Jacky v. Butler, 2 Ld. Raym. 871. The law is now well settled in England, that a separate creditor can only take and sell the interest of the debtor in the partnership property, being his share upon a division of the surplus, after the partnership debts are paid. Fox v. Hanbury, Cowp. 445; Taylor v. Fields, 4 Ves. 396. This latter rule is the one now more generally adopted in the United States.

The rule in Massachusetts, giving a priority to the partnership creditor in such cases, was settled in the case of Pierce v. Jackson, 6 Mass. 242, and has been uniformly followed since. Allen v. Wells, 22 Pick. 450. The effect of this rule, that the only attachable interest of one of the copartners at the suit of a separate creditor is the surplus of the joint estate that may remain after the discharge of all the joint demands upon it, necessarily creates a preference in favor of the partnership creditors in the application of the partnership property.

The creditor of the individual partner may attach his interest in the partnership property; but the attaching officer will be bound in the application of the property, or its proceeds on execution, to give priority to the partnership creditor.

In the case of Cropper v. Coburn [Case No. 3,416], the complainants, forming a partnership under the style of Hemsley & Cropper, brought their bill in equity against a creditor of one of the parties and the officer who had attached the property of the firm, for a private debt and liability of Francis Hemsley, one of the partners. The bill in that case alleged that large claims and debts and liabilities were outstanding against the firm of Hemsley & Cropper, and more than sufficient to absorb all the partnership property of said firm and the interest of said Hemsley in said copartnership; and that, after the payment of said partnership debts, no surplus or interest would remain to the credit of said Hemsley; and that the merchandise attached was required to pay and discharge the debts and liabilities of the copartnership.

The demurrer to this bill was overruled, on the ground that, as the allegations in the bill were admitted by the demurrer, it appeared that the partner against whom the suit was brought had no ultimate interest in the partnership property. As the validity of the attachment must depend upon the debtors having such an interest in the property that something would pass by a sale of his interest on execution, and in this instance there was no interest to sell, it follows that, by the rule of law established in Massachusetts, there was no interest to attach.

The bill of complaint in this case does not contain any averments that there are any partnership liabilities, or that the assets of the firm are needed to satisfy the claims of part-

nership creditors; nor is there any averment that the partner against whom the suit is brought has not an ultimate interest in the partnership property, and a share of the surplus which may remain after the payment of partnership debts and liabilities. If he has such an interest, it may lawfully be attached and sold on execution.

. The bill in this case does not present a case for relief in equity, and the demurrer is sustained. Bill dismissed without prejudice, and with costs for defendants.