# Albright *v.* Mills.

*Action against Sheriff and Sureties on Official Bond.*

1. *Official bond of sheriff; liability of sureties.*—Under the statute
declaring the effect of official bonds and the liability of the sureties on
such bonds (Code, § 273, subd. 3), the sureties on the official bond of
a sheriff are liable for his tortious act in levying an execution or attach-
ment against one person on the property of a stranger, unless such levy
is authorized by law.

2. *Amendment of complaint.*—In an action against a sheriff and the
sureties on his official bond, the original complaint claiming damages
for a trespass in the tortious levy of an attachment against another per-
son on plaintiff's goods, alleging that the levy was made by the sheriff
under color of his office, and that the other defendants were at the time
sureties on his official bond; an amendment may be allowed, setting
out the bond, and alleging a breach by the wrongful levy.

3. *When sheriff may justify under process.*—Under statutory provis-
ions, as at common law, a sheriff may justify under process which is
regular on its face, whatever may be the defects in the proceedings on
which it was issued (Code, § 2776); but this protection is not extended
to process which is void on its face for want of jurisdiction, whether of
the subject-matter or of the parties; as where it commands him to do an
act which, as he is bound to know, the law does not justify or authorize.

4. *Attachment for advances, against crop.*—A landlord's lien for rent
and advances extends to the crops of a sub-tenant (Code, § 3066), but a
statutory lien for advances to make a crop does not (§ 3236); and when
an attachment is sued out to enforce a statutory lien for advances, the
clerk is not authorized to direct a levy on the crops of tenants or sub-
tenants, nor does the writ justify the sheriff in making such levy.


APPEAL from the Circuit Court of Lee.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by Ben. D. Mills, against Oswell
Albright and others, sureties on said Albright's official bond
as sheriff of said county; and was commenced on 22d
August, 1884. The original complaint contained but a sin-
gle count, which claimed "$500 damages for a trespass com-
mitted by said Albright in levying an attachment in favor
of Renfro Bros. *v.* George S. Mills, on personal property be-
longing to plaintiff; which said levy was made October 31st,
1883, on a writ of attachment issued from the Circuit Court

of said county, and levied by said Albright, who was at the time the sheriff of said county, and so acting at the time; and that said defendants," naming the others, "were at that time sureties on the bond of said sheriff, and said levy was made under color of his office." The defendants demurred to the complaint, assigning as grounds of demurrer—1st, that the writ of attachment was not set out with sufficient certainty; 2d, that it did not appear that the property levied on was not in fact subject to the attachment; 3d, that the sheriff's bond was not set out with sufficient certainty; 4th, that the action is trespass, and it does not lie against any of the defendants except said Albright; 5th, that the suit, to make the sureties liable, should have been for a breach of the bond, and not for trespass. The plaintiff thereupon amended his complaint, by alleging that the writ of attachment required the sheriff to levy it on the crops of George S. Mills and his tenants; that the sheriff deputized one Nelms to levy the writ, and that it was levied on plaintiff's said property, which was not subject to it. The court then overruled the demurrer on all the grounds assigned except the 5th, which was sustained. The plaintiff then filed another amendment to his complaint, alleging the execution of two official bonds by the sheriff, with the other defendants as his sureties, the condition of each bond being set out; "and that said bonds were breached in this, that said Albright levied said attachment on plaintiff's said property, which was not subject to levy under said writ, whereby plaintiff lost his said property; and plaintiff avers that said Albright was, at the time of said levy, acting as sheriff under said bonds." Defendants moved to strike out this amendment, "because it sets forth a different cause of action from that originally sued on, and because it is not germane to the complaint originally filed," and he demurred on the same grounds; but the motion and demurrer were both overruled. The defendants then pleaded not guilty, and several special pleas justifying under the writ of attachment. The court sustained a demurrer to the special pleas, and the cause was tried on issue joined on the plea of not guilty. The writ of attchment, which was set out in one of the special pleas, and was offered in evidence on the trial, was sued out by Renfro Bros. against George S. Mills, who was the father of the plaintiff in this action, to enforce a statutory lien for advances to make a crop; and commanded the sheriff to levy on "the crop raised by said Mills or his tenants, on the premises cultivated by him or his tenants this

year (1883) in said county." The plaintiff was a son of said George S. Mills, and cultivated a part of the land as a tenant of his father; and he claimed that the property levied on was a part of the crop raised by him. The court charged the jury, in effect, that the attachment did not justify the sheriff in levying on the plaintiff's crop, even if he was the tenant of his father. The defendants excepted to this charge, and they here assign it as error, with the rulings on the pleadings.

GEO. P. HARRISON, for appellant.

W. J. SAMFORD, *contra*, cited *Clark v. Lamb*, 76 Ala. 406; *Screws v. Watson*, 48 Ala. 628; Crocker on Sheriffs, § 282.

SOMERVILLE, J.—The action is one brought by the appellee, Mills, against the sheriff of Lee county and his sureties, for a wrongful levy on the plaintiff's crops, under a writ of attachment sued out against one George S. Mills, the purpose of the attachment being to enforce a lien created for advances to make crops under the provisions of section 3286 of the Code of 1886.

The statute expressly declares, that every official bond shall be obligatory on the principal and sureties, for any breach of condition, "as well by any *wrongful act committed under color of his* [the principal's] *office*, as by his failure to perform, or the improper or neglectful performance of those duties imposed by law."—Code, 1886, § 273, sub-div. 3; Code, 1876, § 179. This statute was intended to meet the rule formerly announced in *Simmons v. Hancock*, 2 Ala. 728, that the sureties of a sheriff would not be responsible for any *malfeasance* on such officer's part, unless the malfeasance included also a *misfeasance*. In *McElhaney v. Gilleland*, 30 Ala. 183, it was accordingly held, under this statute, then embodied in section 130 of the Code of 1852, that the sureties on a constable's bond were liable for their principal's wrongful act, committed in taking or selling the property of the defendant, which was exempt from levy and sale at law, the tortious act itself being a trespass. So, in *Kelly v. Moore*, 51 Ala. 364, the sureties on the official bond of a justice of the peace were held liable for a wrongful arrest and imprisonment of the plaintiff, the arrest being without authority, but under color of office. It was ruled as far back as 1825, in this State, that the sheriff was liable for a tres-

[Albright v. Mills.]

pass committed by his deputy under color of office.—*Prew-itt v. Neal*, Minor's Rep. 386.

Whatever may be the rule apart from the statute, there can be no doubt of the fact that, under its influence, a sheriff's sureties are oridinarily responsible for a trespass committed by him in levying an execution or attachment, issued against one person, upon the goods of another who is a stranger to the process, unless the statute authorize such levy; such an act being one committed under color of his office, which means under the pretended or arrogated authority of his office.—*Charles v. Haskins*, 11 Iowa, 329; s. c., 77 Amer. Dec. 148; *State v. Holmes*, 28 N. J. Law, 224; Binmore on Sheriffs, § 25; Harlow's Sheriffs & Constables, § 343; *City of Lowell v. Parker*, 10 Met. 309; s. c., 43 Am. Dec. 436; Murfree on Official Bonds, § 226; *Clark v. Lamb*, 76 Ala. 406.

In this view of the law, the act of trespass in question, being committed under color of authority, was a breach of the bond, for which the sureties were liable. It was alleged in the original complaint to have been committed under color of office; and there was no error in allowing the complaint to be amended, so as to aver that it was a breach of the bond. The form of action was not changed by the amendment from one *ex delicto* to one *ex contractu*, and the motion to strike out the amendment was therefore properly overruled.

The other grounds of demurrer to the amended complaint were manifestly bad.

The writ of attachment in this case directs the sheriff to seize "so much of the crops raised by said (George S.) Mills, *or his tenants*," on the premises cultivated by them in Lee county, during the year 1883, as was sufficient to satisfy the debt. It is insisted that the sheriff was justified by the process in levying on the crops of the plaintiff, who was a tenant of the defendant in attachment, George S. Mills. Upon the correctness of this contention the case must turn. The statute only reiterates the rule of the common law, in asserting that "whenever it appears that process is regular on its face, and is issued by competent authority, a sheriff, or other ministerial officer, is justified in the execution of the same, whatever may be the defect in the proceedings on which it was issued."—Code, 1876, § 3041; Code, 1886, § 2776; *Meyer v. Hearst*, 75 Ala. 390; *Clark v. Lamb*, 76 Ala. 406.

The statute simply means, that the law will protect a sheriff, or other ministerial officer, in the execution of process

[Albright v. Mills.]

regular on its face, provided it does not disclose a want of jurisdiction to issue it, on the part of the court from which it emanates. If, however, an inspection of the process discloses the fact that the process is void for the want of jurisdiction of the subject-matter or parties, the process can afford the officer no protection, and he proceeds under it at his peril.—Murfree on Sheriffs, § 903; § 274. In other words, he is justified in obeying all precepts committed to him to be served, "if they issue from competent authority, and with legal regularity, and [these facts] so appear on their face." *Watson v. Watson*, 9 Conn. 140; s. c., 23 Amer. Dec. 324.

This process is not regular on its face, so far as concerns any one except George S. Mills, the defendant in attachment. The tenants whose crops are ordered to be seized were not named, nor were they parties to the suit; and this is obvious from the face of the writ. It is equally apparent that the court, which issued the writ, had no jurisdiction to order such a seizure. It could as lawfully have made the writ run against George S. Mills and his *neighbors*, or his *family*, as against said Mills and his *tenants;* and the sheriff was charged with a knowledge of the law in this matter, as in all others, ignorance of law or even good faith furnishing him no excuse for the trespass. The statute, it is true, authorizes a *landlord* to enforce by attachment his lien for rent and advances against the crops grown on the rented premises, and the writ may, in a certain event, be levied on the crops of an under-tenant; but this attachment is not sued out by a landlord.—Code, 1886, § 3066; Code, 1876, § 3476; *Agee v. Meyer*, 71 Ala. 88. But a crop-lien note executed to secure advances obtained by a person to enable him to make a crop, under the provisions of section 3286 of the Code of 1876, does not bind the crops raised by a tenant on the premises; and there is no authority to levy an attachment, issued against the maker's crop, on the crops of such tenant.—*Woolsey v. Jones*, 84 Ala. 88.

This conclusion necessarily results in the affirmance of the judgment. Its application makes free from error the rulings of the court on the charges given and refused, to which exception was taken by the appellant.

Affirmed.