# West, Admr. *v.* Hayes, *et al.*

### Action of Trespass against Sheriff for Wrongful Levy of Writ of Execution.

1. *Execution in detinue suit; authority of officer levying writ* —A writ for the seizure and delivery of personal property. issued on a judgment rendered in an action of detinue, does not authorize the officer charged with its execution to seize the property described in said writ while in the rightful possession of one who was not a party to the suit, between whom and the defendant therein there is no privity and whose possession was rightful and anterior to the commencement of the suit.

2. *Same; plea of justification in action against sheriff for wrongful levy of writ.*—In an action of trespass against a sheriff for the wrongful taking of personal property under a writ for the seizure and delivery of personal property, issued on a judgment rendered in an action of detinue, a plea wherein the sheriff seeks to justify the levy and seizure of said property, which discloses that the plaintiff was neither a party to the suit in which was rendered the judgment, upon which the said writ was issued, nor that he had any privity with the defendant in said suit, and which fails to aver facts to show that the property was, notwithstanding, subject to seizure while in his possession, is insufficient as a plea of justification, and, therefore, demurrable.

3. *Same; same.*—In an action of trespass against a sheriff for the wrongful taking of personal property under a writ for the seiz-

[West, Adm'r v Hayes, *et al.*]

ure and delivery of personal property, issued on a judgment rendered in an action of detinue, where one count of the complaint alleges that the property seized was a fixture attached to the lands of the plaintiff, a plea to said count, which sets up a justification of the seizure under legal process, should also aver facts to show that the circumstances under which the property levied upon was attached to the land was such that, in law, its character as personal property was not changed.

Appeal from the Circuit Court of Chilton.

Tried before the Hon. N. D. Denson.

This was an action of trespass brought by M. A. West against the appellees, Lee Hayes, as sheriff of Chilton county, and the sureties on his official bond ; and sought, as averred in the first count of the complaint, to recover damages for entering upon certain described premises in the possession of the plaintiff, and "removing therefrom one saw mill, engine and boiler—fixtures attached to said land." The complaint contained two counts. The second count was in the Code form for action of trespass for wrongfully taking goods. Pending the suit, the death of M. A. West was suggested, and the cause was revived in the name of C. B. West, as administrator of the estate of M. A. West, deceased.

The defendants pleaded the general issue, and the following special pleas : "2. For further answer to the complaint, these defendants by leave of the court further plead and say that the said Lee Hayes, one of the defendants in this suit, was at the time of the commission of the supposed trespass in the complaint set forth, the sheriff of Chilton county, Alabama, and had in his hands a writ issued out of the circuit court of said county, which is in words and figures as follows :

'State of Alabama }
Chilton County.    } In Circuit Court of Chilton County.

To the Sheriff of said County, Greeting :

You are hereby commanded to seize and deliver to H. C. Reynolds the following described property, towit : One double saw mill, 50x30 inches ; two Simon solid saws 8x9 guage head blocks ; two mill hooks ; one stationary 10x16 Mansfield Steam Engine ; one boiler and all fixtures belonging thereto ; one stop valve ; one pump and one steam guage. Which said property, the said H. C. Reynolds recovered of G. G. West, J. B. Hill, and

[West, Adm'r v. Hayes, *et al.*]

Thos. Prestridge by the judgment of the circuit court of Chilton county, Alabama, rendered on the 14th day of May, 1890, and make return of this writ according to law. Witness my hand this 24th day of June, 1890. W. H. Foshee, Clerk.'
which said writ is endorsed as follows: 'Re'cd in office June 24th, 1890. Lee Hayes, Sheriff.'

'Executed by seizing all of the within described personal property and delivering the same to H. C. Reynolds, except "one pump," which I can not find. This 28th day of June, 1890. Lee Hayes, Sheriff.' And the defendants say that the property set forth in the said writ was situated on the lands described in the complaint, but was not the property of the plaintiff, the said M. A. West, and said Lee Hayes, while so acting as sheriff and having said writ in his possession, entered upon the lands where said described property was located, and under and by virtue of and in obedience to the command of said writ and took the property described in said writ into his possession, and delivered the same to H. C. Reynolds, the plaintiff named in the said writ as in said writ he was commanded. And defendant says that said Lee Hayes, in taking possession of said property and entering on the lands aforesaid, used no more force than was necessary to seize and deliver said property named in said writ, to the plaintiff therein.

"3. For further answer to the complaint, these defendants say that at the time the several supposed trespasses in said complaint mentioned were committed, the defendant Lee Hayes was sheriff of Chilton county, Alabama, and had in his hands at the time of the commission of said supposed trespass, a writ or mandate, a copy of which is set forth in plea No. 2 of these defendants, filed herewith, which copy is here referred to and made a part of this plea, and entered on the lands described in said complaint in due execution of the mandate of said writ, and in the execution of said writ said sheriff used no more force than was necessary to seize the property described in the said writ, which was not the property of plaintiff, the said M. A. West, and deliver the same to the plaintiff named therein. And these defend-

ants say that plaintiff, by her agent, consented to such entry and pointed out the property to be seized under said writ.''

To these pleas the plaintiff demurred upon the following grounds : 1. It nowhere appears in said pleas that the plaintiff was a party to the writ therein described. 2. It nowhere appears in pleas No. 3, that the plaintiff consented to the trespass complained of. 3. It does not appear from said pleas that the property described in the complaint was rightfully or lawfully in the possession of the plaintiff at the time of the alleged trespass. These demurrers were overruled, and the plaintiff declining to plead further, judgment was rendered for the defendant. From this judgment the plaintiff appeals, and assigns as error the overruling of the demurrers to the two special pleas of the defendant.

W. S. CARY. for appellant.—The pleas in this case were insufficient as pleas of justification ; and the demurrers thereto should have been sustained.—3 Brick. Dig., 572, § 24 ; *Daniel v. Hardwick*, 88 Ala. 557 ; *Burgin v. Raplee*, 100 Ala. 437 ; *Albright v. Mills*, 86 Ala. 327 ; *Wilson v. Glenn*, 68 Ala. 383 ; *State v. Jennings*, 14 Ohio, 73.

WILLIAM A. COLLIER, *contra.*—The fact that the plaintiff in this action was not a party to the action in which the writ of restitution issued, does not disarm the sheriff of the protection which the writ throws around him. The process being issued by a court of competent jurisdiction, and regular and valid on its face, is a protection against an action of trespass, and this rule holds even if the property was taken from some one other than the defendant named in the writ.—Cobbey on Replevin, p. 338, § 644 and authorities cited.

The writ of restitution differs from other writs, and differs materially from an execution or writ of attachment. Under a writ of restitution the sheriff must seize the property, no matter in whose possession he finds it, and his writ is a complete protection to him. ''The officer is not liable if he takes the goods of A. on a writ of restitution against B., for the reason that the command of the writ is express and points to specific prop-

erty."—Cobbey on Replevin, 343, § 652 ; *Shipman v. Clark,* 4 Denio, 447 ; *Watkins v. Page,* 2 Wis. 97 ; *Foster v. Pettibone,* 20 Barb. 350.

BRICKELL, C. J.—Appellant's intestate, M. A. West, sued to recover damages for a trespass alleged to have been committed by appellee under color of his office as sheriff of Chilton county. The principal question presented for consideration is whether, under a writ for the seizure and delivery of personal property, regular on its face and issued by competent authority to carry into effect a judgment for the recovery of said property, the sheriff is justified in seizing said property wherever and in whosesoever possession the same may be found, notwithstanding the person from whose possession it is taken may have been rightfully in possession thereof. The writ, which is set out in the special pleas justifying the seizure under legal process, commanded the sheriff "to seize and deliver to H. C. Reynolds [the property described therein], which said property the said H. C. Reynolds recovered of G. G. West, J. B. Hill and Thos. Prestridge by the judgment of the circuit court of Chilton county, Alabama, on the 14th day of May, 1890." The pleas averred that the property described in the writ was situated on the land described in the complaint, but that it was not the property of the plaintiff, and that in obedience to the mandate of the writ the sheriff entered upon said land and seized the property and delivered it to H. C. Reynolds, using no more force than was necessary. But it does not appear from the plea that the property described in the writ was the same as that described in the complaint, nor are any facts averred tending to show that plaintiff's intestate was a party to the suit in which was rendered the judgment upon which said writ was issued, or had any privity with the defendants in said suit, or that his possession was the possession of said defendants, or that he came into possession while said suit was pending, or that he was not rightfully in possession thereof.

A plea of justification under legal process must set forth matter which, if proved, would constitute a full defense to the action. If the plaintiff in the action is a

[West, Adm'r v. Hayes, *et al.*]

stranger to the writ, the plea should aver facts to show that the property taken was the property of the defendant in the process and was subject to seizure thereunder. *Daniel v. Hardwick*, 88 Ala. 559. It is clear that the pleas interposed in this case were defective for the reasons specified in the demurrer, unless, as contended by appellee, the writ under which he seeks to justify was such as to authorize him to seize the property wherever it might be found, even though in the rightful possession of a stranger to the writ. A sheriff is undoubtedly protected as to all acts done by him in obedience to the mandate of a legal process, regular on its face and issued by competent authority. But ordinarily a writ issued to carry into effect the judgment of a court runs only against the parties named therein as defendants, and is not regular on its face so far as concerns strangers not named therein, and does not authorize, and will not justify, its execution against strangers thereto.—*Albright v. Mills*, 86 Ala. 328. The writ set out in the plea was, on its face, but a species of execution, authorized by the statute to carry into effect the judgment of the court in favor of the plaintiff in an action to recover specific personal property, wherein H. C. Reynolds was plaintiff and G. G. West, J. B. Hill and Thomas Prestridge were defendants, and was in the form prescribed by statute. Code of 1896, §§ 1483, 1880; Code of 1886, §§ 2723, 2882. The judgment in such cases is that the plaintiff have and recover *of the defendant* the property sued for, and the writ for the seizure and delivery to the plaintiff of the property recovered should follow and be construed according to the judgment. The court from which the writ issues has no jurisdiction to order the seizure of the property while in the rightful possession of one who was not a party to the suit, between whom and the defendant therein there is no privity, and whose possession began previously to the commencement of the suit and continued during its pendency; and of this want of jurisdiction the sheriff in whose hands the writ is placed for execution is charged with knowledge.—*Albright v. Mills*, 86 Ala. 328, *supra*. Against the seizure of a property in the possession of such person the sheriff is not, therefore, protected by such process. The writ corresponds to the writ of *habere facias possessionem*, issued to carry

7

[West, Adm'r v Hayes, *et al.*]

into effect the judgment of the court in favor of the plaintiff in an action of ejectment, which directs the sheriff to deliver to the plaintiff the possession of the lands and tenements described therein. Such writ, like the writ for the seizure and delivery of personal property, does not, in express words, name the person from whom the possession is to be taken, but it is well settled that in the execution of the writ the officer is not authorized to eject from the lands or tenements described one who was not a party to the suit, who had no privity with the defendant therein, and whose possession was adverse to the defendant and anterior to the commencement of the suit. If such person should be ejected, the court from which the writ issued would, upon proper application, promptly order a writ of restitution to restore to him the possession of the land.—*Howard v. Kennedy*, 4 Ala. 592; *Smith v. Gayle*, 58 Ala. 600. The same principles must apply with respect to a writ for the seizure and delivery of personal property issued on a judgment rendered in an action of detinue. It appears from the plea that plaintiff's intestate was not a party to the writ under which the defendants sought to justify the seizure of the property, an averment of facts to show that the property was, notwithstanding, subject to seizure while in his possession was essential to the sufficiency of the plea, and as these facts were not averred the demurrer should have been sustained.

The pleas, as answer to the first count of the complaint, which alleged that the property seized was a fixture attached to the land, should also have averred facts to show that the circumstances under which it was attached to the land were such that, in law, its character as personal property was not changed. Under a writ for the seizure of personal property real property cannot be seized. But this objection was not raised by the demurrer, and cannot, therefore, be considered in this court as ground for reversal.

Reversed and remanded.