No. 14,208.

Joseph L. Murrell, Sheriff and Ex-officio State and Parish Tax Collector, Acadia Parish, La., vs. Jac. Bokenfohr.

SYLLABUS.

1. One who carries on transactions at a branch establishment, separate and distinct from his home mercantile enterprise, is conducting two places of business within the intendment of the revenue law.

2. A license is required from both the principal and branch establishments when separate business is conducted at each.

3.   It being the law that one who conducts a wholesale and retail business owes
     both a retail and wholesale license, it follows that one having more than one
     place of business owes a license on each.

APPEAL from the Seventh Justice of the Peace, Parish of Acadia
—*Robira, J.*

*J. E. Barry,* for Plaintiff, Appellee.

*Joseph G. Medlenka,* for Defendant, Appellant.

The opinion of the court was delivered by

BREAUX, J.   Plaintiff proceeded by rule against the defendant to require him to show cause why he should not pay a license of fifty dollars.

The case comes before us on an agreed statement of fact setting forth that defendant is a wholesale merchant doing business in the City of New Orleans, where he pays his license tax; that in January, 1901, he opened a store or depot in Crowley and runs a wagon in that town; that the business in Crowley is conducted through the office in New Orleans where all orders are sent and accounts kept and where accounts are rendered. All collections made in Crowley are remitted to the store in New Orleans. Goods are shipped to the Crowley house, where they are kept and delivered to the Crowley retail customers as orders are received.

The agreed statement further shows that the goods sold through this house amount *per annum* to not less than twenty-five thousand dollars. Defendant admitted that he paid a license tax to Crowley for the year 1901 as a wholesale merchant and adds that it was paid under protest and after the authorities had threatened to bring suit. He also admitted in this statement that demand for the amount claimed here was made prior to the institution of this suit by the sheriff and ex-officio tax collector in behalf of the State, being the amount claimed from him as a wholesale dealer in Crowley for the year 1891.

Defendant's contention is that this license tax would be a second tax on business upon which he had already paid his license tax in New Orleans. He pleads the unconstitutionality and illegality of the law upon which the claim is based.

Plaintiff urges that this license is due and that defendant's business

falls within the provision of Section 30 of Statute 171 of 1898, imposing a separate license upon each place of business, while defendant seeks to meet this contention of plaintiff by urging that there must be something else besides the mere housing of goods and the delivery to and from the place of storage to bring it under the head of business subject to a license.

We understand that the business subject to license tax is a commercial enterprise; that it is a business for profit. Defendant has a "distributing depot or store" as shown by the facts of record and *"the business"* of the Crowley establishment is conducted through the New Orleans office. (Italics ours.)

Defendant would be pleased to have the business considered as conducted exclusively at its commercial enterprise in New Orleans. We do not think that this view is sustained by the statement of facts for the simple reason that while it does appear that the goods to be sold are sent in accordance with orders forwarded from the Crowley establishment to the office of defendant in New Orleans, it does not appear that the shipments are made as each order for goods bought is forwarded to be filled. " Goods are shipped to the Crowley establishment in large lots and by carloads," says the statement of facts admitted, upon orders, as we take it, sent forward and filled to meet the demands of defendant's trade.

This business, we conclude, requires men to deal with one another on a considerable scale. The goods are shipped on order received from the branch establishment. In the second place they are "kept there," the evidence discloses, and "distributed and delivered to Crowley retail trade from there as orders are received." The conclusion is inevitable that he sells to all comers. The practical effect of this is to localize the business and to get a profit from another branch of industry distinct and separate from the home office of defendant's business. It is a business for profit to be gained at Crowley through defendant's business, and not the mere consignment of goods to be delivered to a buyer or buyers at a private warehouse, a case not before us for consideration. It is not the sending of an occasional delivery of goods, but a continuous business.

This court said that one who conducts a wholesale and retail business owes both a license on the wholesale and on the retail business. New Orleans vs. Koen & Co., 38 Ann. 328. From this it may well be

inferred that two separate wholesale places of business respectively owe a license. Each business establishment owes a tax. State vs. Holmes, 28 Ann. 768. A merchant carrying on two stores owes a license on each. Walters vs. Tax Collector, 31 Ann. 668.

Defendant carries on a separate business. The law clearly requires a license from each business. One who owns two places of business, in the theory of the law, is supposed to receive more protection than the one who owns only one business house. Without the protection the taxes secure he would not have two, not even one. This, it is true, is no reason to condemn the mere act of delivering packages through agents subject to taxation if it be not a business within the law's intendment.

Defendant's enterprise, as a branch of his store in New Orleans, is a business, as it consists in continuous sales and delivery of merchandise at the branch store.

The law and the evidence being in favor of plaintiff, the judgment is affirmed.

Rehearing refused.