(64 South. 719.)

No. 19,906.

S. ZEMURRAY & CO. v. TOWN OF FRANK-
LIN et al.

(March 2, 1914.)

*(Syllabus by the Court.)*

HAWKERS AND PEDDLERS (§ 3*)—LICENSES—
"WHOLESALER."

A wholesale fruit dealer of the city of New
Orleans who sent a car load of bananas to the
town of Franklin, and there, through an agent
accompanying the car, sold bunches of bananas
for resale, using the car as a storehouse, there-
by engaged in a wholesale business, and sub-
jected himself to the payment of a wholesale li-
cense to the town.

[Ed. Note.—For other cases, see Hawkers and
Peddlers, Cent. Dig. §§ 3–6; Dec. Dig. § 3.*

For other definitions, see Words and Phrases,
vol. 8, p. 7451.]

Appeal from Twenty-Third Judicial Dis-
trict Court, Parish of St. Mary; T. M. Mill-
ing, Judge.

Injunction by S. Zemurray & Co. against
the Town of Franklin and others. From
judgment for defendants, plaintiff appeals.
Affirmed.

W. C. Baker and Emmet Alpha, both of
Franklin, and Charles Rosen and Zachary
Adler, both of New Orleans, for appellant.
L. O. Pecot, of Franklin (C. J. Boatner, of
Franklin, of counsel), for appellees.

LAND, J. This is an injunction suit
against the defendants to restrain them from
interfering with the plaintiff's agent in the
sale of bananas by bunches from a freight
car at Franklin, La., because of the failure
of the plaintiff to take out a wholesale li-
cense in the town of Franklin for the year
1912.

Plaintiff's firm was domiciled in the city of
New Orleans, where it was engaged in the
wholesale fruit business. Plaintiff had paid
license taxes to the state and to the city of
New Orleans for the year 1912.

The town of Franklin, for answer to the
petition, averred that the plaintiff was en-
gaged in the wholesale fruit business in said
town without first obtaining a license, recon-
vened for the amount of the license, with in-
terest, penalties, and attorney fees, and pray-
ed for the dissolution of the injunction, with
costs and attorney fees.

There was judgment in favor of the de-
fendant as prayed for, and the plaintiff has
appealed.

The question of law involved is thus stated
by counsel for the plaintiff:

"Is a duly licensed mercantile firm, in the
fruit business, which ships a car of bananas by
rail from town to town, having its own agent
accompanying the car, and selling bananas by
the bunch to any one who wishes to buy, is
such a firm duly licensed as a wholesale
mercantile firm, subject to a similar
business tax in each town where bananas are
sold from the car?"

The town of Franklin contends that, the
car being located in the town, and the sales
being in original packages, and for the pur-
pose of resale, plaintiff, under the law, is li-
able to the minimum license as a wholesale
merchant under the ordinance then in effect.

Plaintiff's allegations show that it ships
by rail car loads of bananas from town to
town, and disposes of them as in the instant
case. Counsel for defendant contends that it
is of no moment whether the business be
carried on from a box car, warehouse, depot,
platform, or wharf, as Act No. 171 of 1898
does not specify any particular place or
business establishment.

It is obvious that the plaintiff, under its
system of selling bananas from cars, may
carry on such business in the town of Frank-
lin, and other towns of this state, throughout
the year, and thereby enjoy all the advan-
tages of local sales. The only difference be-
tween plaintiff's business and that of local
dealers in the same line is in the use of a
car instead of a building for the purpose of
storage and sale.

Every person who pursues any business be-
comes liable to a license tax from and after

January 2d of each year, or from the date of the commencement of his business. Section 2, Act No. 171, 1898. Plaintiff commenced doing business in the town of Franklin when its agent commenced selling bananas from the car located within the limits of that town.

Plaintiff's counsel contend that the business thus pursued was a *peddling* business, and cite Pegues v. Ray, 50 La. Ann. 574, 23 South. 904. But that was the case of a commercial drummer selling wrought-iron ranges by samples. Act No. 171 of 1898, § 12, divides peddlers or hawkers into five classes:

"When traveling on foot."
"When traveling on horseback."
"When traveling in a one-horse vehicle."
"When traveling in a two-horse vehicle."
"When traveling on any kind of water craft, two hundred dollars."

The same act further provides:

"That all traveling vendors of stoves, lightning rods and clocks shall pay a license annually of two hundred dollars."

Selling bananas by *wholesale* out of railroad cars does not come within the meaning of peddling or hawking, or itinerant vending of articles of merchandise at retail from house to house. Wholesaling is the selling by the original or unbroken package or barrel only to dealers for resale. Act No. 171 of 1898, p. 394.

In a supplemental petition plaintiff represents:

"That in fact or in truth it was neither a stationary wholesaler nor retailer, and likewise was not a peddler within the revenue act of Louisiana because it was peddling neither from a boat, from a wagon, from horseback, nor from on foot, and that by reason of the laws not having required the payment of a license by your petitioner for the business of peddling fruit from a railroad car, that no license could be demanded of it by the town of Franklin."

Plaintiff, in its supplemental petition, admitted all the facts set forth in the answer, which, among other things, avers that plaintiff's agent made sales in unbroken packages for resale—

"from the car in the same manner as though from a wholesale storehouse."

From the admitted facts, it appears that the plaintiff was engaged in the business of selling bananas at wholesale in the town of Franklin just as effectually as if it had a branch establishment in that place. Plaintiff owes a license for each and every branch of its business. See Sheriff and Tax Collector v. Bokenfor, 108 La. 19, 32 South. 176.

Judgment affirmed.

PROVOSTY, J., being absent on account of illness, took no part.