FOURNET, Justice.
 

 The W. Horace Williams Company, a commercial partnership engaged in the business in the City of New Orleans of contracting on both a fixed-fee and a cost-plus basis, having tendered and paid to the City of New Orleans an occupational license tax for the year 1946 based on its gross earnings within the territorial limits of the city
 
 *418
 
 for the year 1945, the city, contending that such tax should be computed on the basis of the entire gross receipts of the partnership whether derived from work within or without the city, proceeded by rule to collect the difference between the amount of the tax tendered and paid and that allegedly due, plus the interest penalty and attorney fees as provided for in the ordinance levying the occupational tax. The city is now appealing from the judgment of the district court dismissing its suit.
 

 The case was tried on an agreed statement of facts wherein it was stipulated that the defendant paid to the State of Louisiana as an occupational license tax for the year 1946 an amount based on its gross receipts in the sum of $625,058.97 for work performed throughout the state on a fixed-fee basis, and on $79,783.07 for cost-plus contracts, whereas the occupational license tax paid the City of New Orleans was based on fixed-fee work amounting to $86,811.84 and cost-plus work amounting to $13,868.44, being the amounts received for work actually done within the territorial limits of the City of New Orleans. It is further stipulated in this agreed statement of facts that “No municipal license tax for the year 1946 has been demanded of or paid by this company to any other municipality for work performed outside of Orleans Parish.”
 

 The Legislature of the State of Louisiana, in pursuance of the provisions of Section 8 of Article X of the Constitution of 1921, adopted at its Third Extra Session of 1934 a general occupational license tax act for the state as a whole, Act 15, and therein provided “That any municipal or parochial corporation in the State shall have the right to impose a license tax on any business, occupation or profession herein provided; provided that all such license taxes shall conform to the provisions of Section 8 of Article X of the Constitution.” Section 42.
 

 Availing itself of the authority thus conferred upon it by the legislature, the City of New Orleans, on December 4, 1945, adopted its Ordinance No. 16,357. This ordinance, for all intents and purposes, is identical with the 1934 act, as amended. In Section 19 thereof it is provided “That every individual, firm, company or corporation carrying on the profession or business of contractor on a lump sum basis, or any other basis than cost-plus, shall pay a license taxed upon the gross annual receipts of said business, which license shall be fixed and graded, as follows, to wit” (the licenses to be levied in the respective classes and grades being given in detail). In this section it is further provided “that every individual, firm, company or corporation carrying on the business of contractor, on a cost-plus basis, commission or percentage plan, shall pay a license based upon the gross annual earnings from such business, which license shall be fixed and graded as in Section 3 of this Ordinance for those carrying on a commission or brokerage business.”
 

 Counsel for the defendant are in error in their contention that “This ordinance,
 
 like
 
 
 *835
 

 the State
 
 Act, makes no mention as to its territorial scope,” for in Section 58 of the ordinance is found the provision “That all gross receipts derived from any mercantile business or occupation whatsoever, as hereinbefore provided,
 
 whether earned within or without the city
 
 shall form the proper basis upon which all licenses shall be assessed and collected by the Commissioner of Public Finance.” The corresponding article in the state act provides that “except as otherwise in this Act provided, all gross receipts derived from any mercantile business or occupation whatsoever, as hereinbefore provided, shall form the proper basis upon which all licenses shall be assessed and collected by the tax collector.” Section 53. (Italics in the city ordinance section quoted are ours.)
 

 The constitution, in Section 8 of Article X, not only provides that license taxes may be levied on such classes of persons, associations of persons and corporations pursuing any trade, business, occupation, vocation or profession, as the Legislature may deem proper (with certain exceptions not pertinent here), but it also provides that such taxes may be classified, graduated, or progressive. The only limitation to be found in the constitution with respect to the city’s right to levy such a tax is that found in this same section: It prohibits municipalities from imposing a greater license tax than is imposed for state purposes. Since the tax here sought to be levied is in fact equal to that levied by the state, it cannot be said to be greater.
 

 The authorities relied on by counsel to support the contention that the ordinance is unconstitutional in so far as it attempts to give extraterritorial effect to the City of New Orleans (City of Shreveport v. New York Life Ins. Co., 141 La. 360, 75 So. 80; City of Lake Charles v. Equitable Life Assur. Society, 114 La. 836, 38 So. 578; and City of New Orleans v. Penn. Mutual Life Ins. Co., 106 La. 31, 30 So. 254) are neither controlling nor pertinent here. All of these cases deal with foreign insurance companies doing business in various sections of the state either through branch offices or soliciting agents and the court in each case had for consideration the interpretation of the city ordinances and their applicability to the particular facts involved.
 

 In the case of State v. Albert Mackie Co., Ltd., 144 La. 339, 80 So. 582, 587, the other case relied on, the court’s holding was that the tax could not be allowed because it amounted to a direct interference with or regulation of interstate commerce since it was graduated or measured in part by the volume of interstate and foreign business done. While it is true that, based on the decision of this court in the case of City of Shreveport v. New York Life. Ins. Co., supra, this court did remark — “We had occasion lately to consider a similar question; that is, whether a taxing authority could legally include in the measure or standard by which a license tax levied for doing a local business was graduated the volume of business done outside of the territorial limits of the taxing authority. And we con-
 
 *837
 
 eluded that it could not” — such a statement was not only not controlling in the Mackie case in view of the conclusion that had already been reached, but it was also inapposite since the question of interference with interstate commerce was not involved in the Shreveport case.
 

 The City of New Orleans is not here seeking to tax property beyond its territorial jurisdiction. As was very aptly pointed out in a well-considered opinion by the Supreme Court of South Carolina, a case that is for all intents and purposes “on all fours” with the case we are considering: “It was not contemplated that the various phases of a business should be segregated and only that part taxed which was actually carried on within the corporate limits.
 
 The tax was imposed for the privilege of maintaining and conducting a place of business within that nvimicipality and it was intended that the business should be considered as a whole.
 
 The gross income or volume of such business is merely made the basis on which the tax is graduated.” Triplett v. City of Chester, 209 S.C. 455, 40 S.E.2d 684, 687. See, also, City of LaGrange v. Whitley, 180 Ga. 805, 180 S.E. 823, and compare the case of Great Atlantic & Pacific Tea Co. v. City of Richmond, 183 Va. 931, 33 S.E.2d 795, 804. (Italics ours.)
 

 In the latter case the contention was urged as here that the City of Richmond in graduating its occupational license tax so as to include business done without as well as within the city rendered the same unconstitutional because it amounted to imposing a tax on property outside of the territorial limits of the city. ' The Supreme Court of Appeals of Virginia, in answering this contention, very aptly observed: “The vice in this contention is that
 
 the ordinance does not impose a direct tax upon any property of the Company. It imposes a privilege
 
 tax, that is,
 
 a license tax for the privilege of maintaining and conducting a place of business in the City
 
 for the distribution of merchandise among retail stores.
 
 The property of the Company is not directly taxed as such.
 
 The merchandise which it distributes through the agency of its office or place of business in the City of Richmond is merely made the measure of the amount to be paid for the privilege of conducting the business involved.” (Italics ours.)
 

 The W. Horace Williams Company maintains its principal and only permanent office or place of .business in the state in the City of New Orleans and it is from this office that all of its operations are directed and controlled and all of its administratrive functions are performed. The fact that some of the company’s business is executed or performed outside of the city and, of necessity because of the nature of its work, at the sites where the construction is going on does not, in our opinion, make these jobs done outside the city a separate business or constitute the locale of the construction a separate place of business within the meaning and contemplation of the act of the legislature and the city ordinance. Such work is only a component part of and incidental
 
 *839
 
 to the defendant’s main business of general contracting.
 

 That the conclusion we have reached was clearly the intention of the legislature is, in our opinion, strengthened by the identical provisions in both the state act (Section 54) and the city ordinance (Section 56) that a “a person, firm or company, having more than one place of business, shall pay a separate license for
 
 each place of
 
 business.” (Italics ours.)
 

 For the reasons assigned the judgment of the lower court is annulled and set aside and it is now ordered, adjudged, and decreed that there be judgment in favor of the City of New Orleans and against the W. Horace Williams Company in the sum of $620, as an additional amount on its occupational license tax for the year 1946, together with interest thereon from March 1, 1946, at the rate of 2% per month until paid, and 10% attorney fees on both the principal and the interest, as well as all costs of this proceeding.