ELLIS, Judge.
This rule is brought by the City of Hammond against Orkin Exterminating Company, Inc. under R.S. 33:4784, to show cause why it should not be condemned to pay $390.00 in delinquent occupational license taxes, plus interest, penalties, and attorneys’ fees.
Until the institution of this rule, Orkin was paying its occupational license tax on the basis of its gross annual receipts from business transacted by it within the corporate limits of the City of Hammond. It is the position of the City that the tax should be paid on the basis of the gross annual receipts from all business transacted within the five parish area served by the Hammond office of Orkin.
After trial on the merits, judgment was rendered in favor of the City of Hammond, and Orkin has appealed.
The evidence shows that Orkin does business only by written contract. These contracts are usually executed by the customer at his place of residence, and are signed by the salesman at the same time. They are subsequently approved either at the Hammond office, or in Atlanta, Georgia, but in either event are processed through Hammond. Some customers are billed from Hammond, and some from Atlanta.
*26 The license tax in question herein was levied by the Commission Council of the City of Hammond, as Ordinance No. 323 C.S. pursuant to the authority granted by Article X, Section 8 of the Constitution of 1921, and R.S. 47:397. These sections permit municipalities and parishes to levy occupational license taxes on the same business subject to taxation by the State, and in the same or lesser amounts. Ordinance 323 C.S. adopts by reference the State statutes levying such taxes so that the nature and amount of the Hammond occupational license taxes are exactly the same as those of the State of Louisiana.
The statute under which the City is attempting to levy the tax, R.S. 47: 377, provides that the license fee shall be “based upon the gross annual receipts of the business”, and provides for the tax. It does not appear to be disputed that the amount of tax, interest, penalty and attorney’s fee claimed by the City is correct, if the gross annual receipts from the entire five parishes are to be used as the base for the tax.
It is contended by Orkin that their contracts are all entered into at the homes of their customers, and that the services are performed there, and that a municipality lacks the authority to tax services contracted for and rendered outside of its corporate limits. Orkin relies on an opinion of the Attorney General dated November 24, 1969, dealing with this case, and which concluded that a municipality is without jurisdiction to levy a tax on services performed outside of its limits. It also cites the cases of City of Shreveport v. New York Life Ins. Co., 141 La. 360, 75 So. 80 (1917) and State v. Albert Mackie Co., 144 La. 339, 80 So. 582 (1918).
We find that the question has been settled by the holding of the Supreme Court in the case of City of New Orleans v. W. Horace Williams Co., 212 La. 831, 33 So.2d 653 (1947). In that case, the plaintiff corporation did a state-wide business, and desired to pay its occupational license tax to the City of New Orleans on the basis of business done within the city limits. As in this case, no other occupational license tax was paid to any other municipality. The court concluded that the “tax was imposed for the privilege of maintaining and conducting a place of business within the municipality and that the business should be considered as a whole.” The two cases relied on by defendant were distinguished and found inapplicable. The court further said:
“The W. Horace Williams Company maintains its principal and only permanent office or place of business in the state in the City of New Orleans and it is from this office that all of its operations are directed and controlled and all of its administrative functions are performed. The fact that some of the company’s business is executed or performed outside of the city and, of necessity because of the nature of its work, at the sites where the construction is going on does not, in our opinion, make these jobs done outside the city a separate business or constitute the locale of the construction a separate place of business within the meaning and contemplation of the act of the legislature and the city ordinance. Such work is only a component part of and incidental to the defendant’s main business of general contracting.”
We think the foregoing reasoning and the holding based thereon to be clearly applicable to and decisive of the issue here presented. Orkin stands in the same position as did W. Horace Williams Co. in the above case. We also note that the statute under which the tax is levied makes no distinction as to the place of origin of business.
The judgment appealed from is affirmed, at respondent’s cost.
Affirmed.